Mark and Kimberly Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*

(fee paid)

**FILED**

APR 05 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Mark Aussieker, Kimberly Aussieker

Plaintiff,

v.

COLE RUUD-JOHNSON AND  CV
VENTURES, LLC Defendant(s)

No. 2  19  CV  596  JAM  EFB  (PS)

**COMPLAINT FOR DAMAGES**
Trial by Jury not requested

Plaintiff  MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1.      Plaintiff Mark Aussieker  ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227,  a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.      Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. and Mrs Aussieker had registered on the national Do Not Call Registry without consent. As a result, Defendants are liable for those calls.

1

**PARTIES**

3.    Plaintiff Mark Aussieker is an individual and resident of the state of California.

4.    Plaintiff Kimberly Aussieker is an individual and resident of the state of California.

5.    Plaintiff Mark and Kimberly Aussieker are married to each other.

6.    Defendant CV VENTURES, LLC is a Washington Limited Liability Company that registered with secretary of state of Washington to conduct lawfull business.  CV VENTURES, LLC is a "person" as de fined by 47 US.C. § 153 (39) . Will be referred to as "VENTURES"

7.    Defendant COLE RUUD-JOHNSON is an individual and the governor of  CV VENTURES, LLC . He is a "person" as defined by 47 US.C. § 153 (39). Will be referred to as "DEFENDANT".  "Governor"  is colloquially known as a Manager in this district.

**Jurisdiction & Venue**

8.    The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9.    Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

10.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

11.    This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out

2

1   of his  contact with Defendants from California.

2   **TCPA Background**

4   12.    TCPA Background In 1991, Congress enacted the TCPA to regulate the

5   explosive growth of the telemarketing industry. In so doing, Congress recognized that

6   "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone

7   Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. §

8   227).

10   **THE TCPA PROHIBITS TELEMARKETING CALLS TO NUMBERS LISTED ON THE**

11   **DO NOT CALL REGISTRY, UNLESS THE CALLER HAS THE RECIPIENT'S SIGNED,**

12   **WRITTEN CONSENT.**

13   13.    The national Do Not Call Registry allows consumers to register their telephone

14   numbers and thereby indicate their desire not to receive telephone solicitations at those

15   numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored

16   indefinitely, or until the registration is cancelled by the consumer or the telephone number is

17   removed by the database administrator." *Id.*

19   14.    The TCPA and implementing regulations prohibit the initiation of telephone

20   solicitations to residential telephone subscribers to the Registry.  47 U.S.C. § 227(c); 47

21   C.F.R. § 64.1200(c)(2).

22   15.    A person whose number is on the Registry, and who has received more than

23   one telephone call within any twelve-month period by or on behalf of the same entity in

24   violation of the TCPA, can sue the violator and seek statutory damages.   47 U.S.C. §

25   227(c)(5).

27   16.    The regulations exempt from liability a caller who has obtained the

28   subscriber's signed, written agreement to receive telephone solicitations from the caller. 47

3

C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. Id.

17.    Any person whose receives any phone in violation 47 U.S.C. § 227(b)(1) (A) can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B)  This is commonly refered to as the auto dialer statue or ATDS.

47 U.S.C. § 227(b)(1) (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is  charged for the call, unless such call is made solely to collect a debt   owed to or guaranteed by the federal government."

18.    Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers generated by a random or sequential number generator or if a device can be an ATDS if it merely dials numbers from a stored list."

19.    The Court answered in the affirmative merely that if the dialer dials numbers from a stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of February 19th after the parties settled.

20.    All a plaintiff needs to show is that a call or text message was made using an

4

auto dialer to a number assigned to cellular service, or that the calling party was charged for the call. In this case, both plaintiffs received calls on thier cellular phones where they were both charged for the call.

## Factual Allegations

21.     Plaintiff MARK AUSSIEKER's phone number ending in 8006 was added to the Do Not Call list in February 2003.

22.     Plaintiff has maintained the same cell phone ending in 8006 continuously since 2002.

23.     PLAINTIFFS do not have a "landline" and use their cell phones. There is an "office phone" in the office.

24.     Plaintiff KIMBERLY AUSSIEKER's phone number ending in 7087 was added to the Do Not Call list in February 2019.

25.     Plaintiff KIMBERLY AUSSIEKER's has maintained the same cell phone ending in 7087 continuously since 1998.

26.     COLE holds himself out to be an investor[1] and in the business of wholesaling real estate.

27.     Wholesaling real estate is when an investor puts a home under contract "Ties up" with the intent to assign that contract to another buyer. The wholesaler doesn't plan on fixing up or selling the property. Instead, they market the home to potential buyers for a higher price than they have the property under contract for.

28.     The purchase agreement used by CV VENTURES indicates it assigns contracts.

29.     COLE has promoted the success wholesale deals on his instagram page[2] . COLE

[1] https://www.instagram.com/ruudrealestate/
[2] https://www.instagram.com/stories/highlights/17885950048259368/

promoted the assignment of a house in Tacoma[3] and another property Enumclaw[4]

30. COLE is listed as the registrant for http://peakcashoffer.com, which seeks to inform the public about the availability of fast cash buyouts of peoples houses.

31. COLE is listed as the registrant for http:// peakofferings.com , which markets homes under contract to potential buyers for a higher price than COLE or CV VENTURES has the property "tied up" for.

32. COLE is listed as the registrant for http:// reicallpros.com , which promotes a "call center created by investors, for investors for ." COLE posted a review from Hill Holdings, LLC – Ohio which claimed "I starting using REI Call Pros literally the week after I got into the business. They told me where to buy my data and how to skiptrace it, they even set up my Podio. After that I just sat back and watched the leads roll in. Closed my first deal last week!"[5]

33. On April 1st, 2019 COLE undertook the misguided effort to solicit KIMBERLY AUSSIEKER on her cellular phone.

34. During and/or in regard to the 1st Call, Defendant knowingly and/or willfully:

   o Called KIMBERLY AUSSIEKER's cellular telephone without Plaintiff's prior express consent or approval

   o used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

   o Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List

   o Played a pre-recorded message until a representative could join the phone call.

   o Manipulated the caller-id displayed to show 916-436-1676

---

[3] IBID
[4] https://www.instagram.com/stories/highlights/17996574343069158/
[5] http://www.reicallpros.com/

o   A long pause and pre-recorded message is indicative of the use of an autodialer.

o   A screenshot is attached on the last page with the call log.

35.   After the call was completed, KIMBERLY AUSSIEKER texted MARK AUSSIEKER about the unsolicited call from a local company.

36.   MARK AUSSIEKER told KIMBERLY AUSSIEKER he would try to hold the telemarketer accountable for the intrusion.

37.   MARK AUSSIEKER tried to searched the California Department of Real estate Database and Secretary of State's website for Peak Homes and could not find any company by that name. MARK AUSSIEKER tried calling 916-436-1676 and found the number to be non working.

38.   MARK AUSSIEKER reasoned that the telemarketer calling from 916-436-1676 was attempting to obfuscate its identity in order to being held to account for violating telemarketing law.  MARK AUSSIEKER formulated a plan to feign interest if COLE was to call back.

39.   On April $2^{st}$, 2019 COLE undertook the misguided effort to solicit MARK AUSSIEKER on his cellular phone.

40.   During and/or in regard to the 2nd Call, Defendant knowingly and/or willfully:

o   Called MARK AUSSIEKER's cellular telephone without Plaintiff's prior express consent or approval.

o   used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.

o   Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List

o   After a long pause a pre-recorded message played until a representative could join

the phone call.

   o   A long pause and pre-recorded message is indicative of the use of an autodialer.

   o   Manipulated the caller-id displayed to show 916-436-1676

   o   A screenshot is attached on the last page with the call log.

41.    The reason for COLE to call plaintiff was to seek homes to wholesale.

42.    The only reason why the Plaintiff MARK AUSSIEKER faked interest in the call was to identify the telemarketer that was behind the calls[6]. After COLE revealed his email address , MARK AUSSIEKER was able to see that caller was calling from Washington and PEAK HOMES was a fake business name to used to conceal the identity of CV VENTURES and COLE JHONSON.

43.    PLAINTIFFS never consented to receive these calls.

44.    PLAINTIFFS have a concrete injury being the receipt of such phone calls that Congress intended to remedy through passage of the TCPA.

45.    Plaintiffs are self-interested and have been recruited by the reward congress has offered to them. See 47 U.S.C. § 227(b)(3), (c)(5) (providing for recovery of $1500 per violation in case brought by consumer)

46.    Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, could not watch television while

---

[6] [i]t is safe to say that, when the telemarketers in this case called a phone belonging to Cunningham, they—presumably unwittingly—found themselves in the sights not of an ordinary hapless consumer, but a seasoned plaintiff, likely primed and ready to take them to court if their actions violated the TCPA. Nothing in the Constitution, though, requires a plaintiff to be a naïf. *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1194-95 (M.D. Tenn. 2017

while COLE furthered his commercial interests, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

47.    Mrs. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, taking the call even though she was driving because she thought the caller was local only to find out that it was a sales call, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering her with unrequested solicitations.

48.    On 04/02/19 COLE  or its authorized agent placed a third call (the "3rd  Call') to Plaintiffs MARK AUSSIEKER cellular telephone number (916-705-8006) for the commercial purpose of finding properties to resell. During and/or in regard to the third Call, Defendant knowingly and/or willfully:

- o   Called Plaintiffs cellular telephone without Plaintiff's prior express consent
- o   Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List

49.    On 04/02/19 COLE  or its authorized agent placed 2 additional calls, both of which were requested by MARK AUSSIEKER so as to record the conversation and subsequent admissions of guilt by COLE.

50.    Plaintiff  MARK AUSSIEKER is informed and believes that CV VENTURES manipulated the caller id to hide its identity and make people t think they are a local company.

51.    Plaintiff Mark Aussieker visited other websites and learned that COLE controlled the telemarketing operations.

52.    A youtube video plays on www.reicalls.com which confirms that COLE

9

1  participated and was materially involved in the calls.[7]

2  53.   In the youtube video, a testimonial boasts about COLE being able to make 800-

3  1200 outbound calls a day. That is impossible to do without using an autodialer.

4  54.

6  55.   COLE recorded all calls.

7  56.   COLE knew or should have known that people who registered for the DO NOT

8  CALL list find it annoying to receive telemarketing calls.

10  57.   COLE admitted to MARK AUSSIEKER in a recorded conversation that he was

11  responsible for the unsolicited calls made with an auto dialer, the call recordings and the auto

12  dialing.

13

14  58.   CV VENTURES sought and wanted COLE to procure houses for its wholesaling

15  business.

16  59.   In turn, COLE sought customers that wanted to sell their houses. CV VENTURES

17  worked with COLE's telemarketing company to place calls on behalf of CV VENTURES for

18  the purpose of generating leads for the benefit of all parties:

22  CAUSES OF ACTION

24  **COUNT 1**

25  **(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

26  **§227(c)(5)(B)**

28  [7] https://www.youtube.com/watch?v=UE_047DR7O0

63. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

64. Defendant's own conduct and/or by the fact that others made those calls on its behalf , ignoring the Do-Not-Call List, as demonstrated  by Defendant's  Call to Plaintiffs  cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

65. Defendant's own conduct and/or by the fact that others made those calls on its behalf , in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) .  Furthermore, Defendant's  conduct,  in placing the Call to Plaintiffs  cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business  constitutes  a  knowing  and/or  willful violation  of  47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

### COUNT 2

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

**§227(c)(5)(B)**

66. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

67. Defendant's own conduct and/or by the fact that others made those calls on its behalf , in failing to maintain a record  of  Plaintiffs  previous demand that the Plaintiffs name and telephone number go  on its Do-Not-Call List, as demonstrated   by  Defendant's  Call  to Plaintiffs   cell phone,  violated  47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and,

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

68. Defendant's own conduct and/or by the fact that others made those calls on its behalf , in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore, Defendant's conduct, in placing the Call to Plaintiff's cell phone, spoofing the caller id, giving false name of the party calling , not disclosing the true name, telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 3

### (3rd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)

69. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

70. Defendant's own conduct and/or by the fact that others made those calls on its behalf , in failing check plaintiffs telephone number on its Do-Not-Call List, as demonstrated  by Defendant's  Call  to  Plaintiffs  cell phone, violated  47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d)(6) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

71. Defendant's own conduct and/or by the fact that others made those calls on its behalf , in failing to check the numbers against a cell phone list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) . Furthermore, , spoofing the caller id, giving false name of the party calling , not disclosing the true name,

12

telephone number and address of the business constitutes a knowing and/or willful violation of 47 C.F.R.§64.1200(b)(2) and 47 C.F.R. §64.1200(d)(4) and therefore, Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for this violation.

## COUNT 4

### (1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.
### §227(b)(1)(A)(iii) – Auto Dialer

72. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

73. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

74. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 5

### (1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.
### §227(b)(1)(A)(iii) – Pre recorded message

75. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

76. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone and playing a pre-recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

77. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 6

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii)** – Auto Dialer

78. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

79. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

80. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 7

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C.**

**§227(b)(1)(A)(iii)** – Pre recorded message

81. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

82. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone and playing a pre-recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for this violation.

83. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b),

14

Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT 8**

**Unlawful Recording and Intercepting of Communications against Defendants**

**1st call (Violation of California Penal Code § 632.7)**

37.    PLAINTIFF KIMBERLY AUSSIEKER incorporates each allegation set forth

above as if fully set forth herein and further alleges as follows.

38. Plaintiff participated in calls that she received while within the State of California and

that originated by and through defendants call centers. Plaintiff used a cellular telephone to

engage in those conversations. Plaintiff is informed and believes and on that ground alleges

that, at all relevant times,

39. Defendants and their vendor, had a policy and practice of using hardware and/or

software that enabled them to surreptitiously record and/or monitor conversations with

Plaintiff who used cellular or cordless telephones to receive calls from defendant.

40. Defendants and their vendor, had and followed a policy and practice of not disclosing

to Plaintiff that their cellular calls were recorded and/or monitored, Defendants and their

vendor, did not obtain, and could not have obtained, express or implied advance consent to

the recording or monitoring of those conversations. As a result, plaintiff had an objectively

reasonable expectation that their calls were not being recorded and/or monitored. That

expectation and its objective reasonableness arise, in part, from the objective offensiveness

of surreptitiously recording people's conversations, the absence of even a simple pre-

recorded message as short as four simple words – "calls may be recorded" – and the ease

with which such a message could have been put in place. As the California Supreme Court has stated, "in light of the circumstance that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is not being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." (See Kearney v. Salomon Smith Barney (2006) 39 Cal. 4th 95.)

41.   Defendants' conduct as described above violated California Penal Code § 632.7(a).Under Penal Code § 637.2, Plaintiff are entitled to $5,000 in statutory damages per violation, even in the absence of proof of actual damages, the amount deemed proper by the California Legislature.

### COUNT 9

**Unlawful Recording and Intercepting of Communications against Defendants**

**2nd call (Violation of California Penal Code § 632.7)**

37.   PLAINTIFF MARK AUSSIEKER incorporates each allegation set forth above as
        if fully set forth herein and further alleges as follows.

38. Plaintiff participated in calls that he received while within the State of California and that originated by and through defendants call centers. Plaintiff used a cellular telephone to engage in those conversations. Plaintiff is informed and believes and on that ground alleges that, at all relevant times,

39. COLE  advertised that they recorded every single call on its website.

16

40. Defendants and their vendor, had a policy and practice of using hardware and/or software that enabled them to surreptitiously record and/or monitor conversations with Plaintiff who used cellular or cordless telephones to receive calls from defendant.

### COUNT 10

### RATIFICATION

41. COLE was the manager of CV VENTURES during all relevant times.

42. At the time of the acts alleged herein, there was an actual or assumed agency relationship between COLE and CV VENTURES.  CV VENTURES had direct knowledge of the calling people on the do not call list, playing pre recorded messages and recording of conversations.

43. Despite CV VENTURES knowledge of COLE's illicit action, no action was taken and he was allowed to continue to manage CV ventures.

44. CV VENTURES are thus responsible for COLES violations.

### COUNT 11

### Civil conspiracy to violate the TCPA

45.    Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein, and count against COLE and CV VENTURES, LLC

46.    COLE was the govenor, of SUPERIOR MARKETING SOLUTIONS LLC , during all relevant times.

47.    At the time of the acts alleged herein, COLE and CV VENTURES, LLC made a plan and followed through with a plan to injured plaintiffs  with unrequested solicitations.

17

48. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

## COUNT 12

## WILLFULL MISCONDUCT

37.   Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein, and count against COLE and CV VENTURES, LLC

38.   At the time of the acts alleged herein, there was an actual or assumed agency relationship between COLE and CV VENTURES, LLC.  RS

39.   COLE and CV VENTURES, LLC  actions can simply be described as a conscious "I don't care" attitude in relation to TCPA"  COLE boasted on  his website that he could make between 800-1200 outbounds perday and that all calls would be recorded.

40.   COLE knew that calling people who registered for the do not call list would be injured by receiving unsolicited phone calls.  COLE continued to call on them anyways.

41.  CV VENTURES, LLC Member COLE, having been made aware of the violations 47 U.S.C. § 227 et seq and continuing on, is individually responsible for the violations. The general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body[8]. Manager  COLE are thus responsible for  violations 47 U.S.C. § 227 et seq for his role in reicalls.com

---

[8] '"Universal Elections, 787 F. Supp. 2d at 416 (internal citations omitted); see also Am. Blastfax,Inc., 164 F. Supp. 2d at 898

1

2

PRAYER FOR RELIEF

3

WHEREFORE, Plaintiff requests judgment against COLE RUUD-JOHNSON AND  CV
VENTURES, LLC,  jointly and severally for the following:

4

5

6

        1.     Injunctive relief prohibiting such violations of the TCPA by Defendants in the

7

future.

8

        2.     For an order finding for plaintiff in all counts.

9

        3.     For an order finding the defendant knowingly and willfully violated TCPA

10

        3.     Damages of $1500 per violation in counts 1-7

11

        4.     Damages of $5,000 per violation for counts 8 and 9

12

        5.     Any other relief the court deems proper.

13

14

Respectfully Submitted this 4th Day of  April, 2019.

15

16
Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to
the best of my knowledge, information, and belief that this complaint: (1) is not being presented
for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
17
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,
modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if
18
specifically so identified, will likely have evidentiary support after a reasonable opportunity for
19
further investigation or discovery; and (4) the complaint otherwise complies with the
requirements of Rule 11.I agree to provide the Clerk's Office with any changes to my address
20
where case-related papers may be served. I understand that my failure to keep a current address
on file with the Clerk's Office may result in the dismissal of my case.
21
Date of signing: 4th Day of  April, 2019
Signature of Plaintiff
22

23
Printed Name of Plaintiff _Mark Aussieker_____

24
Date of signing: 4th Day of  April, 2019
Signature of Plaintiff
25

26
Printed Name of Plaintiff  ' Kimberly Aussieker_____

27

28

19

# EXHIBIT A



April 2nd, 2019
to
916.705.8006

April 2nd, 2019
to
916-705-8006

April 1st, 2019
to
916-607-7087

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Aussieker

## DEFENDANTS
COLE RUUD-JOHNSON AND CV VENTURES, LLC

**(b)** County of Residence of First Listed Plaintiff    Sacramento
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Washington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227 et seq.

Brief description of cause:
TCPA Violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____